IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON WITKIN,

    Petitioner,                    No. CIV S-10-0091 GEB DAD P

    vs.

JAMES A. YATES, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Moreover, the Ninth Circuit has held that a district court may dismiss sua sponte a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for statutory or equitable tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

## BACKGROUND

On December 9, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Central District of California. On January 8, 2010, the Central District transferred the case to this court where venue is proper. According to the petition, on June 29, 2005, a Sacramento County Superior Court jury convicted petitioner of felony battery and resisting arrest. Pursuant to the jury's verdict, the trial court sentenced petitioner to forty-eight months in state prison. (Pet. at 2.)

Petitioner appealed his conviction to the California Court of Appeal. The state appellate court affirmed his conviction on May 11, 2007. Petitioner did not seek review in the California Supreme Court. He did, however, file a petition for writ of habeas corpus with the California Supreme Court on October 24, 2008. That court denied the habeas petition on December 10, 2008. Petitioner also filed a second petition for writ of habeas corpus with the California Supreme Court on December 8, 2009. The court has not yet ruled on that petition. (Pet. at 2-4.)

/////
/////
/////

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of §§ 2244(d)(1)(A)

As noted above, on June 29, 2005, a Sacramento County Superior Court jury convicted petitioner of felony battery and resisting arrest. The trial court sentenced petitioner to forty-eight months in state prison. On May 11, 2007, the California Court of Appeal affirmed his

3

conviction. That decision became final on June 10, 2007, thirty days after filing. See Cal. Rules of Court 8.264 (formerly Rule 24). Petitioner did not seek review in the California Supreme Court.

For purposes of federal habeas review, petitioner's conviction became final on June 20, 2007, after the ten-day period for seeking direct review in the California Supreme Court expired. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations period began to run the following day, on June 21, 2007, and expired one year later on June 20, 2008. Under the mailbox rule, petitioner did not file his federal habeas petition in the United States District Court for the Central District of California until December 9, 2009. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed two petitions for writ of habeas corpus in the California Supreme Court challenging his judgment of conviction. However, petitioner did not file the first of his state habeas petitions until October 24, 2008, well after the AEDPA statute of limitations for the filing of a federal habeas petition had expired. It is well established that

1  "section 2244(d) does not permit the reinitiation of the limitations period that has ended before
2  the state petition was filed." <u>Fergusen v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003).
3  Accordingly, by the time petitioner signed his original federal petition and submitted it for filing
4  in federal court on December 9, 2009, more than one year had run on the statute of limitations,
5  rendering his federal habeas petition time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
witk0091.156

5