IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON WITKIN,

    Petitioner,                    No. 2:10-cv-0091 GEB DAD (HC)

    vs.

YATES,

    Respondent.                 ORDER

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction on a charge of resisting an executive officer in violation of California Penal Code § 69. Respondent has moved to dismiss this action as barred by the applicable statute of limitations.

    Section 2254 of Title 28 of the United States Code provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The "in custody" requirement of § 2254 is jurisdictional and is therefore "'the first question we must consider.'" Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1192 (9th Cir. 1998).

> Section 2254(a)'s 'in custody' requirement 'has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed."' Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam)).

Bailey, 599 F.3d at 978-79.

The papers before the court raise a question concerning the court's jurisdiction over the instant action. Petitioner was convicted in 2005 and, on December 9, 2005, sentenced to two years in state prison. Petitioner's opposition to respondent's motion to dismiss contain the following representations. Petitioner was released from state prison on parole some time prior to April 2007. See Petitioner's Opposition to Motion to Dismiss, filed September 3, 2010, at 3. He was returned to custody on a parole violation on June 26, 2007, and released on December 2, 2007. Id. at 4. Petitioner remained out of custody until June 9, 2008, when he was returned to custody on a parole violation. Id. at 5. In September 2008, petitioner was transferred from the Rio Cosumnes Correctional Center to the Sacramento County Main Jail. Id. Petitioner was sent to North Kern State Prison on July 8, 2009. Id. at 7. The petition filed in this court is dated December 9, 2009, and petitioner identified his place of confinement as Pleasant Valley State Prison. As noted above, in order for jurisdiction to attach, petitioner must have been in custody on the conviction that he seeks to challenge at the time the petition was filed. It is not clear whether petitioner met this requirement.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that within thirty days from the date of this order the parties shall file supplemental briefs addressing whether

/////
/////
/////
/////
/////

1  petitioner was in custody on the conviction he seeks to challenge at the time he filed the instant
2  action sufficient to meet the jurisdictional requirement for this § 2254 action.
3  DATED: October 17, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:hg
witk0091.fb