1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL AARON WITKIN,

11             Petitioner,                    No. 2:10-cv-0091 GEB DAD (HC)

12       vs.

13   JAMES A. YATES, Warden,

14             Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  By this action, petitioner raises several claims

18   challenging a 2005 judgment of conviction entered against him in the Sacramento County

19   Superior Court for resisting an executive officer in violation of California Penal Code § 69.

20   Petitioner was sentenced to two years in state prison on that conviction.  On August 16, 2010,

21   respondent moved to dismiss this action as barred by the applicable statute of limitations.  (See

22   Doc. No. 18.) By order filed October 18, 2010, the parties were directed to file supplemental

23   briefs addressing whether petitioner was in custody on the challenged conviction at the time this

24   action was filed.  The parties each filed supplemental briefing, and respondent therein added a

25   request for dismissal for lack of jurisdiction, contending that petitioner was not in custody on the

26   challenged conviction when this action was filed.

1

In an order filed December 20, 2010, this court found that petitioner is presently in custody on a 2009 conviction which has been enhanced by the 2005 conviction, and that the court therefore has jurisdiction over the instant action.  The court further found that, so construed, it appears that petitioner's challenge to his 2005 conviction is barred by the rule announced in <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001).  The court granted petitioner a period of forty-five days in which to request voluntary dismissal of this action and referred the matter to the Office of the Federal Defender to advise petitioner concerning issues related to second or successive petitions.  On January 21, 2011, petitioner filed a supplemental brief in which he continues to contend that he is in custody on the 2005 conviction.  Petitioner has not requested voluntary dismissal of this action.

The relevant chronology of this case is as follows:

1. On June 29, 2005, petitioner was convicted of resisting an executive officer by use of force and violence in violation of California Penal Code § 69.  (Lodged Document No. 1, Abstract of Judgment filed in Sacramento County Superior Court on December 14, 2005.)

2. On December 9, 2005, petitioner was sentenced to two years in state prison with respect to that conviction.  (<u>Id</u>.)

3. On November 14, 2006, petitioner was paroled from state prison.  (Lodged Document No. 4, Chronological History Log.)

4. On July 30, 2007, petitioner was returned to custody following the revocation of his parole.  (<u>Id</u>.)

5. On December 2, 2007, petitioner was returned to parole supervision.  (<u>Id</u>.)

6. On June 13, 2008, a criminal complaint was filed in Sacramento County Superior Court charging petitioner with one count of robbery by means of force and fear in violation of California Penal Code § 211, two counts of assault with a firearm in violation of California Penal Code § 245.2, and one count of being a felon in possession of a firearm in violation of California Penal Code § 12021(a). (Lodged Document No. 3, Clerk's Transcript on

1  Appeal, at 7-10.)  The complaint included enhancement allegations of, inter alia,  personal use of

2  a firearm and infliction of great bodily injury.  (Id.)  In addition, count four of the complaint

3  alleged as a prior conviction the conviction for resisting arrest challenged in the instant petition.

4  (Id. at 10.)  An amended complaint was filed on January 13, 2009, and deemed an information,

5  and an amended information was filed on April 13, 2009.  (Id. at 15, 120.)

6          6.  On June 25, 2008, petitioner's parole was again revoked and he was returned

7  to custody for twelve months.  (Id.)

8          7.  On April 13, 2009, petitioner entered a plea of no contest to charges of

9  attempted first degree robbery and assault with a firearm set forth in the amended information

10  filed the same day.  See ¶ 6, supra.  (Lodged Document No. 3, Clerk's Transcript on Appeal, at 5,

11  120, 149.1.)  Petitioner admitted two firearm enhancements and the prior conviction.  (Id. at

12  149.1.)  On May 29, 2009, petitioner was sentenced to a total of twenty-one years in state prison,

13  including one year for the prior conviction enhancement.  (Id.)

14          7.  On July 8, 2009, petitioner was received at the Reception Center at North Kern

15  State Prison as a parole violator with a new term.  (Lodged Document No. 4, Chronological

16  History Log, at 2.)

17          8.  On or about December 9, 2009, petitioner filed[1] the instant federal habeas

18  corpus petition.

19          Section 2254 of Title 28 of the United States Code provides:

20          The Supreme Court, a Justice thereof, a circuit judge, or a district
court shall entertain an application for a writ of habeas corpus in
21          behalf of a person in custody pursuant to the judgment of a State
court only on the ground that he is in custody in violation of the
22          Constitution or laws or treaties of the United States.

23

24          [1] The petition was signed on December 9, 2009.  It was lodged in the United States
District Court for the Central District of California on December 14, 2009, and filed in that court
25  on December 21, 2009.  It was transferred to this court by order dated January 8, 2010.  Pursuant
to the mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988), the court deems
26  December 9, 2009 the date on which the instant action was filed.

3

1  The "in custody" requirement of § 2254 is jurisdictional and is therefore "'the first question we

2  must consider.'"  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v.

3  Gregoire, 151 F.3d 1180, 1192 (9th Cir. 1998).

4  > Section 2254(a)'s 'in custody' requirement 'has been interpreted to
   > mean that federal courts lack jurisdiction over habeas corpus

5  > petitions unless the petitioner is "under the conviction or sentence
   > under attack at the time his petition is filed."'  Resendiz v.

6  > Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (quoting Maleng v.
   > Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed.2d 540

7  > (1989) (per curiam)).

8  Bailey, 599 F.3d at 978-79.  "'[A]n expired conviction can never satisfy the 'in custody'

9  requirement, even though it may possibly be used to enhance a subsequent sentence, and even if

10  this possibility 'actually materialized.'"  Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir. 1990)

11  (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)).  However, where a prior conviction is used

12  to enhance a subsequent conviction for which the petitioner is currently in custody, a federal

13  court is required to liberally construe a challenge to the prior conviction as a challenge to the

14  subsequent conviction "*as enhanced*" by the prior conviction.  Id.

15       Petitioner is presently in custody on his 2009 conviction for attempted robbery

16  and assault with a firearm, the sentence for which was enhanced by his 2005 conviction for

17  resisting an executive officer by force and violence.  In accordance with the Supreme Court's

18  holding in Maleng and its progeny, this court is required to construe the challenge at bar as a

19  challenge to the 2009 conviction as enhanced by the 2005 conviction.  So construed, because

20  petitioner is in custody on the 2009 conviction, this court has jurisdiction over the instant action.[2]

21       Petitioner contends that he was "in custody" on the 2005 conviction when this

22  action was filed because he has not been discharged from custody on that 2005 conviction.  He

23  apparently contends that there is custody time remaining on the 2005 conviction that he is

24  ──────────────

25       [2]  Because this action must be construed as a challenge to petitioner's 2009 conviction, it
   is not barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  This
   action was filed just over six months after petitioner was sentenced to state prison on his 2009

26  conviction, well within the one-year limitation period of 28 U.S.C. § 2244 (d)

4

serving concurrently with his present term of commitment on the 2009 conviction.  Petitioner

makes the following arguments in support of this contention:  (1) he is presently identified by the

California Department of Corrections and Rehabilitation (CDCR) custodial identification number

assigned at the time he was committed to state prison on the 2005 conviction; (2) following

revocation of his parole on June 25, 2008, petitioner's parole discharge date from the 2005

conviction was extended to April 21, 2011; and (3) because when he was received into the

CDCR in July of 2009 following the 2009 conviction he was received as a "parole violator with a

new term" rather than a "new commitment."  Petitioner's contentions are without merit.  The

record reflects that his parole was revoked on June 25, 2008, and he was returned to state prison

for twelve months.  (Lodged Document No. 4, Chronological History, at 2.)  That twelve month

period expired on or about June 25, 2009, approximately six months before petitioner filed the

instant action.  Moreover, under California law, petitioner's return to prison following the

revocation of his parole was not "for the purpose of serving the balance of his original term" but,

instead, "for the purpose of serving a maximum of 12 months for violating his parole."  People v.

Mathews, 102 Cal. App.3d 704, 713 (1980).[3]

_____

[3]   In a supplemental brief filed January 21, 2011, petitioner contends that the provisions
of California Code of Regulations tit.15 § 2649 also support his argument that he was still in
custody on his 2005 conviction when this action was filed.  The cited regulation provides in
relevant part:

> If a parolee who was on parole from a term other than a statutory
> term of life, is returned to prison as a revoked parolee with a new
> commitment, department staff shall calculate the revocation release
> date and the release date for the new commitment.  Except as
> hereinafter provided if the release date for the new commitment is
> later than the revocation release date, department staff shall
> discharge the former term, effective upon the revocation release
> date.

tit. 15 Cal. Code Regs. § 2469(a).  The regulation prohibits discharge of a term imposed for "a
crime in which the prisoner used force or violence of caused serious bodily injury . . ."  tit. 15
Cal. Code Regs. § 2469(b).  Petitioner contends that the 2005 term was a term of force and
violence which, pursuant to these regulations, cannot be discharged.  Petitioner's argument
misses the mark.  As already noted, at the time this action was filed petitioner was serving a 12

As noted above, respondent has moved to dismiss this action on the grounds that a federal habeas challenge to petitioner's 2005 conviction is time-barred, and that this court is without jurisdiction to entertain a habeas challenge to petitioner's 2005 conviction because he was not in custody on that conviction when he filed the instant habeas action.  For the reasons set forth herein, this action is properly be construed as a habeas challenge to petitioner's 2009 conviction as enhanced by his 2005 conviction.  So construed, neither of respondent's contentions provide grounds for dismissal of this action.  Accordingly, the court will recommend that respondent's motion to dismiss be denied and that respondent be granted a period of thirty days in which to file either a further motion to dismiss[4] or an answer to the claims raised in the petition.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  This action be construed as a challenge to petitioner's 2009 conviction as enhanced by his 2005 conviction;

2.  Respondent's August 16, 2010 motion to dismiss (Doc. No. 18) be denied; and

3.  Respondent be granted thirty days from the date of any order by the district court adopting these findings and recommendations in which to file either another motion to dismiss or an answer to the claims raised in the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

month parole revocation sentence; he was not completing the sentence imposed following his 2005 conviction.

[4]  As noted above, it appears that petitioner's challenge to his 2005 conviction may well be precluded by the rule announced in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001).

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
witk0091 .mtd2

7