IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON WITKIN,

    Petitioner,                    No. 2:10-cv-0091 GEB DAD (HC)

    vs.

JAMES A YATES, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By this action, petitioner raises several claims challenging a 2005 judgment of conviction entered against him in the Sacramento County Superior Court for resisting an executive officer in violation of California Penal Code § 69.  Petitioner was sentenced to two years in state prison on that conviction.  On August 16, 2010, respondent moved to dismiss this action as barred by the applicable statute of limitations.  By order filed October 18, 2010, the parties were directed to file supplemental briefs addressing whether petitioner was in custody on the challenged conviction at the time this action was filed.

        On February 11, 2011, this court issued findings and recommendations recommending that this action be construed as a challenge to petitioner's 2009 conviction as enhanced by his 2005 conviction, and that respondent's motion to dismiss be denied and

respondent be granted a period of thirty days from any order by the district court adopting the findings and recommendations in which to file either another motion to dismiss or an answer to the claims raised in the petition.  On February 22, 2011, petitioner filed objections to those findings and recommendations.  On March 3, 2011, petitioner filed a request for injunctive relief. Therein, petitioner alleges that a law librarian at Pleasant Valley State Prison failed to grant petitioner preferred legal user status, thereby forcing him to prepare his objections with only limited access to the prison law library.  Petitioner seeks an order requiring prison officials at Pleasant Valley State Prison to comply with applicable regulations governing access to the prison law library when inmates have court-ordered deadlines.

> The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal

convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. To demonstrate actionable interference with court access, an inmate must show that state officials, by their acts, prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

Petitioner has filed objections to the court's findings and recommendations. He has not demonstrated by the instant motion that his limited access to the prison law library during the period for preparing those objections interfered with his right of court access within the meaning of Lewis. Accordingly, petitioner's request for injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's March 3, 2011 request for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

ddad1:12
witk0091.pi