IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON WITKIN,

    Petitioner,                    No. CIV S-10-0091 GEB DAD P

    vs.

JAMES A. YATES, Warden,        ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

                              /

          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner challenges a judgment of conviction entered against him in the Sacramento County Superior Court in 2005 for resisting an executive officer by use of force and violence in violation of California Penal Code § 69. Several matters are now pending before the court and will be addressed below.

                              PROCEDURAL BACKGROUND

          On December 9, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Central District of California (hereinafter "Central District"). On January 8, 2010, the Central District transferred the case to this court.

/////

1

1   On January 29, 2010, this court issued findings and recommendations
2  recommending dismissal of this action as barred by the one year statute of limitations codified at
3  28 U.S.C. § 2244(d). (Doc. No. 10.) On February 22, 2010, petitioner filed objections to the
4  findings and recommendations. (Doc. No. 11.) In those objections, petitioner argued that he was
5  entitled to equitable tolling of the limitations period for the filing of a federal habeas application
6  because he had received ineffective assistance of appellate counsel and because he was actually
7  innocent of the charges upon which he was convicted. (Id.) On June 17, 2010, this court vacated
8  the January 29, 2010 findings and recommendations and directed respondent to file a response to
9  the petition. (Doc. No. 14.)

10   On August 16, 2010, respondent moved to dismiss the pending federal habeas
11  petition as time-barred. (Doc. No. 18.) By order filed October 18, 2010, the parties were
12  directed by the court to file supplemental briefing addressing whether petitioner was in custody
13  on his 2005 judgment of conviction at the time that he commenced this federal habeas action. .
14  (Doc. No. 21.) Both parties filed supplemental briefing as directed. In his supplemental brief,
15  respondent added a request to dismiss the action for lack of jurisdiction, contending that
16  petitioner was not in custody on his 2005 judgment of conviction when this federal habeas action
17  was filed. (Doc. No. 25.)

18   On December 20, 2010, this court issued an order finding, inter alia, that
19  petitioner was, at the time this federal habeas action was filed, in custody pursuant to a 2009
20  judgment of conviction entered against him that had been enhanced by his 2005 conviction.
21  (Doc. No. 29.) Good cause appearing, the court referred the matter to the Office of the Federal
22  Defender for this district to advise petitioner concerning issues related to second or successive
23  petitions and granted petitioner forty-five days to request voluntary dismissal of this action
24  without prejudice in light of that finding. (Id.) On January 21, 2010, petitioner filed
25  /////
26  /////

...

supplemental briefing. (Doc. No. 30.) He did not, and has not, sought the voluntary dismissal of this action.[1]

On February 11, 2011, this court issued findings and recommendations recommending that this action be construed as a challenge to petitioner's 2009 judgment of conviction as enhanced by his 2005 conviction, that respondent's motion to dismiss be denied, and that respondent be granted an additional thirty days in which to file a further motion to dismiss or an answer to the claims raised in the petition. (Doc. No. 30.) Petitioner filed objections to those findings and recommendations. (Doc. No. 32.) On March 10, 2011, the district court adopted the February 11, 2011 findings and recommendations in full. (Doc. No. 35.)[2]

On April 4, 2011, petitioner filed a motion for reconsideration of the assigned district judge's March 10, 2011 order. (Doc. No. 39.) On April 5, 2011, respondent filed a motion to dismiss this action. (Doc. No. 38.) On April 7, 2011, petitioner filed a document styled as a motion for an order of contempt. (Doc. No. 41.) On May 2, 2011, petitioner filed a motion for an extension of time to file an opposition to the motion to dismiss. (Doc. No. 43.) Petitioner filed his opposition to the motion to dismiss on May 9, 2011, an amendment to the opposition on May 13, 2011, and a second amendment to his opposition on May 20, 2011. (Doc. Nos. 44, 46 & 48.) On October 13, 2011, petitioner filed a motion to supplement his opposition once again. (Doc. No. 51.)

On September 15, 2011, petitioner filed a motion to amend his habeas petition. (Doc. No. 50.) Petitioner then filed a proposed first amended petition on November 18, 2011.

---

[1] Following an informal inquiry, the court learned that the Office of the Federal Defender did not timely receive a copy of the court's December 20, 2010 order. However, that office has subsequently confirmed receipt of the order and its compliance therewith.

[2] On March 17, 2011, petitioner filed a motion for an extension of time to file amended objections to the findings and recommendations. (Doc. No. 36.) That motion was denied by the district court on April 7, 2011. (Doc. No. 40.)

(Doc. No. 52.)   Finally, on November 28, 2011, petitioner filed a second motion for reconsideration of the assigned district judge's March 10, 2011 order construing this action as a challenge to petitioner's 2009 judgment of conviction as enhanced by his 2005 conviction.  (Doc. No. 53.)

DISCUSSION

I. Petitioner's Motions for Reconsideration

By both of his motions for reconsideration, petitioner contends that the court's March 10, 2011 order must be set aside because it is based on an error of fact, namely, that petitioner was not in custody on his 2005 judgment of conviction at the time he filed this federal habeas action.  Petitioner contends that he was in custody on that 2005 conviction, as well as his 2009 judgment of conviction when he filed this habeas action, because his 2005 judgment of conviction had not been discharged at that time.  With the second motion for reconsideration, petitioner presents evidence that his 2005 case was not "discharged" until November 14, 2010.  See Exhibit filed December 5, 2011.  (Doc. No. 54.)

Federal Rule of Civil Procedure 60(b) authorizes a court, "[o]n motion and just terms," to relieve a party from a court order on the grounds of, inter alia, mistake, excusable neglect, newly discovered evidence that could not have been timely discovered, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (2), (6).  See also Rule 12, 28 U.S.C. foll. § 2254; Local Rule 230(j) (E.D.Cal.).  For the reasons set forth below, this court finds that the March 10, 2011 order, and the February 11, 2011 findings and recommendations on which it was based, should be set aside.

As this court found in the February 11, 2011 findings and recommendations, which were adopted in full by the district court in its March 10, 2011 order, petitioner was in custody on his 2009 judgment of conviction at the time that he filed the instant federal habeas action.  In this regard, petitioner's last parole revocation term arising from his 2005 conviction had expired, at the latest, on June 25, 2009, well before this federal habeas action was filed.

4

Following his 2009 conviction, petitioner was received into the state prison system as a "parole violator with a new term."  Under California law, when "a parole violator is returned to prison because of a new felony conviction, the sentencing court may not order the new term to be consecutive to the short period of time being served on the parole revocation." People v. Adrian, 191 Cal.App.3d 868, 881 (1987) (citing People v. Mathews, 102 Cal.App.3d 704, 713 (1980)). As noted above, petitioner's last parole revocation term ended, at the latest, in June 2009, and there is no evidence that his commitment to state prison in July of 2009 was based on any conviction other than that suffered by him in 2009.

        The United States Court of Appeals for the Ninth Circuit held, on similar facts, that, for purposes of determining whether the in custody requirement is satisfied, a federal court is "obliged" to construe a pro se petitioner challenging a previous conviction used to enhance a current sentence as an attack on the current sentence as enhanced by the prior conviction. Feldman v. Perrill, 902 F.2d. 1445, 1449 (9th Cir. 1990) (citing Maleng v. Cook, 490 U.S. 488, 493-94 (1989)).  The rule announced in Feldman provided the basis for this court's February 11, 2011 finding that the habeas petition now before the court should be construed as a challenge to petitioner's 2009 judgment of conviction as enhanced by his 2005 conviction. See Findings and Recommendations filed February 11, 2011 (Doc. No. 31), at 4.

        In both of his motions for reconsideration, however, petitioner continues to argue that he is only challenging his 2005 judgment of conviction in this habeas action and that he was "in custody" on that conviction when this petition was filed because that 2005 conviction had not been discharged and the parole term thereon had not yet expired.  Petitioner also argues that he is presently pursuing in the state courts eleven grounds for habeas relief with respect to his 2009 judgment of conviction, that he could not bring such challenges in this action at this time because those claims are unexhausted, and that construing this action as a challenge to his 2009 judgment of conviction "would seriously affect the fairness and integrity of these judicial proceedings." Motion for Reconsideration filed April 4, 2011 (Doc. No. 39), at 8-9.

1    The record before this court reflects that petitioner was sentenced to two years in
2 state prison on his 2005 conviction. See Lodged Document No. 1 filed November 5, 2010 (Doc.
3 No. 26). Pursuant to California Penal Code § 3000, petitioner's sentence included a mandatory
4 parole term of three years. According to the exhibit filed by petitioner on December 5, 2011, the
5 "case" underlying that conviction was "discharged" on November 14, 2010. (Doc. No. 54.)
6    The decisions in both Maleng and Feldman involved challenges to fully expired
7 convictions. It appears from the record before this court that the parole term with respect to
8 petitioner's 2005 judgment of conviction was not "fully expired" at the time that he filed this
9 action. In light of petitioner's 2009 conviction, any period of parole supervision remaining on
10 his 2005 conviction would not have been the primary restraint on petitioner's custody, but it
11 appears that it nonetheless remained until discharged. In view of that fact, and in view of the
12 potential consequences for petitioner's as yet unexhausted challenges to his 2009 judgment of
13 conviction which petitioner expressly intends to pursue, upon reconsideration this court finds that
14 it was not "obliged" to construe this federal habeas action as a challenge to petitioner's 2009
15 judgment of conviction as enhanced by his 2005 prior conviction, and the court now further finds
16 that petitioner was "in custody" on his 2005 conviction to a degree sufficient to satisfy the
17 jurisdictional requirements of 28 U.S.C. § 2254. Accordingly, the court will recommend that
18 petitioner's motions for reconsideration be granted and the district court's March 10, 2011 order
19 be vacated.
20 II. Other Motions
21    If the recommendations set forth above are adopted, this court intends to vacate its
22 February 11, 2011 findings and recommendations and to reconsider respondent's contention,
23 raised in the August 16, 2010 motion to dismiss, that petitioner's challenge to his 2005 judgment
24 /////
25 /////
26 /////

of conviction is time-barred. For that reason, respondent's April 5, 2011 motion to dismiss will be denied at this time without prejudice.[3]

In his April 7, 2011 motion for contempt of court order (Doc. No. 41), petitioner contends that he has been denied preferred legal user status at the prison law library in order to prepare his objections to the court's February 11, 2011 findings and recommendations. Petitioner seeks a court order to remedy the alleged denial of that status and law library access. However, the record reflects that petitioner did file timely objections to the court's findings and recommendations on February 22, 2011, and that petitioner has filed several documents since that time. Accordingly, petitioner's motion will be denied as unnecessary.

As noted above, on September 15, 2011 petitioner also filed a motion to amend his habeas petition and, on November 18, 2011, filed a document styled as an amended petition. It is not entirely clear whether petitioner's proposed amended petition is a fully amended petition or a supplemental petition. For that reason, petitioner's motion to amend will be denied without prejudice to its renewal, if appropriate, following the assigned district judge's review of these findings and recommendations and resolution of the question of whether this federal habeas action is time-barred.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's April 5, 2011 motion to dismiss (Doc. No. 38) is denied without prejudice;

/////

---

[3] Although the court will deny respondent's motion to dismiss without prejudice, petitioner's May 2, 2011 motion for an extension of time to file an opposition to that motion will be granted and petitioner's opposition filed May 9, 2011, will be deemed timely filed. Petitioner's October 13, 2011 motion to supplement his opposition will also be granted and the parties will be granted thirty days from the date of any order by the assigned district judge adopting these findings and recommendations in which to brief the application of the recent decision in Lee v. Lampert, 633 F.3d 1176 (9th Cir. 2011), to respondent's motion to dismiss this action as time-barred

2. Petitioner's April 7, 2011 motion for contempt of court order (Doc. No. 41) is denied;

3. Petitioner's May 2, 2011 motion for extension of time (Doc. No. 43) is granted;

4. Petitioner's September 15, 2011 motion to amend (Doc. No. 50) is denied without prejudice;

5. Petitioner's October 13, 2011 motion (Doc. No. 51) is granted;

6. The parties are granted thirty days from the date of any order by the district court adopting these findings and recommendations in which to brief the application of the decision in Lee v. Lampert, 633 F.3d 1176 (9th Cir. 2011), to respondent's August 16, 2010 motion to dismiss this action as barred by the applicable one-year statute of limitations; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's April 4, 2011 motion for reconsideration (Doc. No. 39) and petitioner's November 28, 2011 motion for reconsideration (Doc. No. 53) be granted;

2. The district court's March 10, 2011 order be vacated; and

3. This matter be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2011.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
witk0091.mos

8