UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN, | No. 2:10-cv-0091 GEB DAD P |
| Petitioner, | |
| v. | ORDER |
| YATES, | |
| Respondent. | |

On March 6, 2013, this court dismissed the petitioner's application for writ of habeas corpus, on which he was proceeding in forma pauperis, and entered judgment against him. (Doc. Nos. 72 and 73.) Petitioner appealed that judgment, and on February 11, 2014, the Ninth Circuit declined to issue a certificate of appealability. (Docket No. 88.) Thereafter, petitioner filed a motion asking this court to reconsider the same decision that the Ninth Circuit had declined to review. (Doc. No. 89.) This court denied the motion to reconsider, stating that petitioner had failed to present any new facts or circumstances that would warrant revisiting the court's previous orders. (Doc. No. 93.)

Undeterred, petitioner has now appealed this court's denial of his motion to reconsider. Moreover, he seeks leave to proceed in forma pauperis on that appeal. Title 28 U.S.C. § 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Likewise, Federal Rule of Appellate Procedure

1

24(a)(3)(A) states that a party who had proceeded in forma pauperis in district court may be denied that status on that appeal if "the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification[.]"  A petitioner takes an appeal in good faith if he seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (citation omitted); see also Sherman v. Yolo County Chief Probation Officer, No. 2:06-cv-2415 ALA (HC), 2008 WL 5282844 (E.D. Cal. Dec. 18, 2008).

In light of this court's ruling that the petitioner's latest motion to reconsider did not present any new fact or circumstance requiring further consideration of petitioner's bid for habeas relief in this case, the court finds that his recent appeal from that order is frivolous and, therefore, not taken in good faith.  On that basis, the court will deny the pending motion to proceed in forma pauperis on appeal. 28 U.S.C. 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Petitioner also seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS ORDERED that:

1. The motion to proceed in forma pauperis (Doc. No. 96) is denied on the basis that the appeal noticed October 23, 2014, is not taken in good faith.  28 U.S.C. 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

2. The motion for appointment of counsel (Doc. No. 98) is denied.

Dated:  November 17, 2014

hm

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

witk0091.ifp.appeal

3